# FREEMAN *a.* THE ATLANTIC MUTUAL INSURANCE COMPANY.

*Supreme Court, First District; General Term, October,* 1861.

### REFERENCE.—ACCOUNT.

An action upon a policy of insurance, brought to recover for the loss of a single shipment of goods, which is defended upon the ground of fraud, cannot be referred without consent, although the schedule of the shipment may contain a large number of distinct items.

*It seems,* that an issue of fraud ought to be tried by a jury.

Appeal from an order of reference.

This was an action on a policy of marine insurance. The complaint stated the shipment and loss of the goods insured, amounting in value to $6,500, in thirty-seven different items, all shipped within three days. The answer denied the shipment. The plaintiff moved, at special term, for a reference, upon a general affidavit that a long account was involved. The defendants opposed, upon an affidavit that the shipment was fraudulent. The order of reference was granted, and the defendants appealed.

*D. D. Lord,* for the appellants.—I. This was not, and could not be referred as, a long account. The delivery was all at one continuous time; there were no items of payment or set-off, and it was not an account at all. (Swift *a.* Wells, 2 *How. Pr.,* 79; Miller *a.* Hooker, *Ib.,* 171; McCullough *a.* Brodie, 13 *Ib.,* 346; McMaster *a.* Booth, 4 *Ib.,* 427; Van Rensselaer *a.* Jewett, 6 *Hill,* 373; Thomas *a.* Reab, 6 *Wend.,* 504.)

II. The defence being fraud in the shipment, the defendants have a right to trial by jury, and reference cannot be by compulsion. (Levy *a.* Brooklyn Fire Insurance Co., 25 *Wend.,* 687; Silmser *a.* Redfield, 19 *Ib.,* 21.)

*D. McMahon,* for respondents.—I. The order being one of

reference, in a case wherein a long account of items was necessarily involved, could not be appealed from. (Ubsdell *a*. Root, 3 *Abbotts' Pr.*, 142; Bryan *a*. Brennon, 7 *How. Pr.*, 359.)

II. The case was one wherein a long account was necessarily involved. The plaintiff sued to recover the amount of a policy of insurance on a shipment of goods consisting of thirty-seven items. To this the defendants answered, denying that the goods, or any part of them, were shipped. The direct issue, therefore, was, whether these goods, or any part of them, went on board. The trial of each item involved the long account. The motion papers so stated; and in such a case, the judge who granted the order, had a discretion in the premises, which cannot be reviewed. (Dean *a*. Empire State Mutual Insurance Co., 9 *How. Pr.*, 69.)

III. The defendants, after the granting of the order, did not immediately appeal, but suffered the plaintiff to get ready and proceed to trial, admitting due service of notice of trial. Under these circumstances, he is now too late to urge his appeal. (Ubsdell *a*. Root, 3 *Abbotts' Pr.*, 142.)

By THE COURT.*—The claim of the plaintiff in this case, upon which the motion for a reference was based, was to recover for a lot of goods alleged by him to have been put on board of the vessel which was lost. Although the quantity and value of the goods were necessarily involved, yet it can hardly be said that such a claim involved the examination of an account. An account of one party against another is a series of charges for goods sold, &c., and is not merely introduced in evidence for the purpose of estimating damages, but is the foundation of the action.

As the whole defence in this case rests upon the alleged fraud of the plaintiff, in not putting the goods on board, and also that the vessel was intentionally wrecked; and as both issues involve directly a charge of fraud, we do not think the case should have been referred; such questions are properly to be tried by a jury. The case in 25 *Wend.*, 687, is directly in point.

Order reversed, with costs.

* Present, CLERKE, P. J., INGRAHAM and LEONARD, JJ.