ISAAC UNTERMYER et al., Respondents, *v.* ALFRED J. BEINHAUER, Appellant.

An action to recover unliquidated damages for breach of a contract in no sense involves an account, and the court has no power to refer the same against the objection of either party.

The fact that a bill of particulars has been furnished by plaintiff under order of the court specifying a number of items of damages, does not bring the action within the provision of the Code of Civil Procedure (§ 1013), authorizing compulsory references.

Where there is no account between the parties in the ordinary acceptation of the term in respect to the matters set forth in the complaint, the cause cannot be referred although there may be many items of damage.

Nor does the fact that the answer sets up a counter-claim which requires the examination of a long account make the action referable. The character of the action in this respect is determined by the complaint; the answer cannot change it.

*It seems* that where such a counter claim is set up, a reference can be ordered as to it after trial of the issues.

In an action to recover damages for breach of a contract, a motion for a reference was made upon the pleadings and upon an affidavit which stated that the trial of the issues will necessarily involve a long account; there was no opposing affidavit. *Held,* that the court was not justified in compelling a reference; that from an examination of the pleadings the court could judge as well as the person making the affidavit whether any account would be involved in the trial of the issues.

(Argued April 19, 1887 ; decided May 3, 1887.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 14, 1887, which affirmed an order of Special Term referring the issues in this action to a referee to hear, try and determine.

The nature of the action is set forth in the opinion.

*Philip L. Wilson* for appellant. The trial of the issues raised by the complaint and answer do not involve the examination of a "long account" within the meaning of section 1013 of the Code. (*Camp* v. *Ingersoll*, 86 N. Y. 433 ; *Van Rensselaer* v. *Jewett*, 6 Hill, 373 ; *McDonald* v. *Stevens*, 9 Hun, 28.) A case cannot be referred, even though the trial should require

an examination of a long account, if that account is not the immediate object of the suit. (*Kain* v. *Delano*, 11 Abb. [N. S.] 29; *Read* v. *Lozin*, 31 Hun, 286; *Brink* v. *Rep. F. Ins. Co.*, 2 T. & C. Sup. Ct. 550; *Camp* v. *Ingersoll*, 86 N. Y. 433.) No examination of a long account is necessary, under the issues raised by the counter-claim in the answer and the plaintiff's reply, within meaning of section 1013, Code of Civil Procedure. (*Davidson* v. *Powell*, 16 How. 467; *Miller* v. *Miller*, 1 Abb. [N C.] 30; *Drake* v *Cockroft*, 10 How. 377.) The building of this house is one single transaction, and a reference cannot be ordered merely because the details which make up this transaction are numerous. (*Farrell F & Mach. Co.* v. *A. H Shoe Nail Co.*, 11 Week. Dig. 350; *Felt* v. *Tiffany*, 11 Hun, 62; *Martin* v *Windsor*, 70 N. Y. 101.)

*Samuel Untermyer* for respondents. The statement is the moving affidavit "that the trial of the issues will necessarily involve a long account," being undisputed the order is not appealable. (*Welsh* v. *Darragh*, 52 N. Y. 590; *Cont. Note Co.* v. *Indust. Exh. Co.*, 1 Hun, 118; *Hossack* v. *Heyerdahl*, 60 N. Y. 634.) It matters not what the nature of the action is, so long as it be one of contract. If the pleadings and the bill of particulars show that there are many items, and that the proofs of these items might confuse the jury, a reference is properly ordered. (*Place* v. *Cheesebrough*, 63 N. Y. 315; *Welch* v. *Darragh*, 52 id. 590.) It is well settled that a reference may and should be granted, though the only necessity for the examination of the long account would arise from the nature of an affirmative defense by way of counter-claim. (*Blackstone Bk.* v. *Bogart*, 41 N. Y. Sup. Ct. 417; *Schermerhorn* v. *Wood*, 4 Daly, 157; *Kennedy* v. *Kenna*, 49 How 308.) The nature of the action is determined by the complaint and not by the answer. If the complaint sets out an action on contract, not even allegations of fraud would change the nature of the action. (*Elbridge* v. *N. Y. & B. B. R. Co.*, 82 N. Y. 631; *Patterson* v. *Stettauer*, 39 Sup. Ct. 413; *William* v. *Allen*, 48 How 357; 2 Hun, 377.)

RAPALLO, J.   This is an action brought against a builder, to recover damages for the breach of a contract to erect for the plaintiffs a dwelling-house in the city of New York, within a stipulated time.   The contract-price of the work was $25,500, payable in installments.   The contract was dated October 21, 1884, and by its terms the defendant agreed that he would fully enclose the building so as to protect it against the weather, on or before the 20th of December, 1884, and would complete it for occupancy on or before the 30th of April, 1885; that he would commence the construction of the building immediately upon the execution of the contract, and would, at no time between the commencement of the work and its completion, cease to work thereon with a sufficient force, etc.

The breach alleged in the complaint is, that the defendant, after having commenced the erection of the building under this contract, ceased work thereon and abandoned the work before its completion, whereby the plaintiffs were deprived of the use of the building, and were compelled to employ other persons to complete the contract, at a cost exceeding the contract-price, and sustained damages to the amount of $7,000.

The defendant, by his answer, denies the alleged breach; sets up that the agreement was unconscionable, and was executed by mistake and under duress; that it was prepared by the plaintiffs, who are lawyers, and did not fairly embody a previous verbal agreement, under which the defendant had undertaken the job and commenced the performance of the work, and that he was coerced into its execution after having made and contracted for large expenditures on the building; that the plaintiffs themselves violated the contract, and also that the plaintiffs are indebted to him for a balance due for work and labor on the building, which he sets up as a counter-claim, and he demands judgment that the contract be declared void and deemed to have been executed under duress of property, and also for his counter-claim.

The plaintiffs moved for a reference of the action, and the

court, at Special Term, made an order referring all the issues therein to a referee for hearing and determination. On appeal to the General Term, that order was affirmed, and the defendant now appeals.

The case presented by the complaint is clearly one in which both parties were entitled, under the Constitution, to a trial by jury, and consequently it was beyond the power of the court to make an order of reference against the objection of either party. It was simply an action for unliquidated damages for the breach of a contract, and in no sense involved any account. A bill of particulars was furnished by the plaintiffs under an order of the court, and by this bill the plaintiffs specified eight items of damage, which consisted of loss of interest on the value of his property, loss of occupany of the building, damage to the building occasioned by the defendant's failure to inclose it, and increased cost of completing it. These items of damages did not constitute an account. It has repeatedly been held that where there is no account between the parties, in the ordinary acceptation of the term, the cause cannot be referred, although there may be many items of damage. (*Camp* v *Ingersoll*, 86 N. Y. 433.) This rule has been applied in actions on policies of insurance, where there are many items of loss. It is contended that the counterclaim set up in the answer, of which a bill of particulars was also ordered and furnished, will require the examination of a long account. Even if this should be assumed, it would not make the action referable. " The character of the action is determined by the complaint. The answer cannot change it. If the action is a referable one the answer cannot make it nonreferable " (Per CHURCH, Ch. J., in *Welsh* v. *Darragh*, 52 N. Y. 590); and on the same principle if the action is nonreferable a counter-claim set up in the answer cannot make it so. As was held by this court, in *Townsend* v. *Hendricks* (40 How. Pr. 143) the defendant has a constitutional right to trial by jury on the issues presented by the complaint and answer, and he does not waive that right by setting up, in addition to his defenses, a counter-claim. Should the

counter-claim ever require examination a reference can be ordered as to it, after trial of the issues. (*Townsend* v. *Hendricks, supra,* p. 164.)

The plaintiffs rely upon the fact that the motion for a reference was made upon an affidavit of one of the plaintiffs' attorneys, which states that the trial of the issues will necessarily involve a long account, and that there was no opposing affidavit. But the motion was also founded upon the pleadings and the several bills of particulars, and they are all now before the court. From an examination of them the court can judge as well as the attorney, whether any account will be involved in the trial of the issues, and no opposing affidavit is necessary to enlighten us on that point.

The order should be reversed and motion denied, with costs in both courts.

All concur.

Ordered accordingly.