Lawrence, J.
The motion to strike this cause from the calendar will be denied on the authority of Griffith v. Mangam (73 N. Y. 611), and Mann v. Pentz (3 Comst. 415). *276 From the order entered on this decision plaintiff appealed to the General Term, where it was held that as defendants-had a right to be heard on the question of what assessment was necessary, since they were not represented in the Virginia litigation, and as the amount of debts and contributions-could only be ascertained by equitable proceedings, plaintiff was not entitled to a jury trial.
The following opinion was there rendered :*
Per Curiam.
The ground upon which the plaintiff claims a jury trial is that the only relief demanded is that the action is on contract, and only a money judgment is-asked for.
An inspection of the complaint, however, shows that ■equitable relief must necessarily be given if the plaintiff at all succeeds in the action.
It may be true that the foundation of the action is upon contract entered into between the company, of which the-plaintiff is a trustee, and the defendants as stockholders.. But it may be a question of grave doubt whether the defendants are in any way bound by the levying of the assessments-upon the stock in the courts of Virginia, without having been-in any way represented in that litigation. They have a right,, to be heard upon the question as to what assessment is necessary in order to pay the debts of the corporation, and this-amount can only be ascertained by equitable proceedings, and it forms the sole basis upon which the plaintiff can possibly recover.
Under these circumstances, therefore, although the plaintiff is not asking in his complaint for equitable relief, it is necessary that he shall obtain such relief before he can proceed in the recovery of the money judgment which he-has demanded.
The case, therefore, was of equitable cognizance, and the court did- not err in denying the motion. The order-should be affirmed, with costs.
*277 The plaintiff then appealed to the court of appeals.
Burton H. Harrison, for the appellant.
W. W. MaoFarland (Reynolds & Harrison and William O. Olopton, attorneys), for the respondents.
Earl, J.
The defendants noticed this cause for trial at a special term and placed it upon the special term calendar.
The plaintiff thereupon moved that the cause be struck from that calendar upon the ground that the issues joined in the action were triable by a jury. The motion was denied, and then the plaintiff appealed to the general term, and from affirmance there to this court.
The complaint did not claim any equitable relief, nor set forth any cause of action entitling the plaintiffs to equitable relief. The only judgment demanded was for a sum ■of money; and hence, under section 968 of the Code, the action was triable by jury. It is strictly a common law action to recover certain assessments alleged to have been made by the decrees of a Virginia court, having jurisdiction on account of unpaid subscriptions to stock held by the defendants in the National Express and Transportation ■Company. The theory of the complaint is that the defendants, as stockholders, became legally bound by virtue of the proceedings in the Virginia courts to pay the assessments made, and no manner of equitable relief is sought.
It is not for us now to determine that upon the facts alleged the plaintiff can succeed in the action as one at law to recover a sum of money only. It is certainly difficult to perceive how with this complaint and these parties this action could successfully proceed as one in equity. All that we determine is that in form and substance the action is based upon contract, express or implied, and is to recover a sum of money only, and that, therefore, under the section cited, it should have been brought to trial at a jury term. The section of the Code provides that every issue of fact *278 must be tried by a jury, unless a jury trial is waived or a reference is directed “ in an action in which the complaint demands judgment for a sum of money only.” We know of no exception that can be engrafted upon this provision. While in equity actions, relief may sometimes be granted by a judgment for money only, yet where that is the only relief demanded, and no other relief is sought, the case is. brought within the section, and the action must be tried before a jury.
The orders of the general and special terms should therefore be reversed and the motion granted, with costs of appeal to the general term and to this court.
All the judges concurred.
Note on the Mode OB' Tbial.
Plaintiff's power to fix the mode of trial.] The general principle is* that, for the purposes of fixing the mode of trial, the character of the action is determined by the complaint, and the answer cannot change it. Welsh v. Darragh, 52 N. Y. 590.
If plaintiff sues for equitable relief—in this case reformation of a " contract by inserting therein the name of one of the defendants as a party, gnd for damages against him,—the failure of the allegations of' the complaint to make a case for equitable relief does not justify forcing him to trial before a jury. He has a right, if there is to be a trial, to have his right to equitable relief determined before the court without a jury. Clark v. Blumenthal, 52 Super. Ct. (J. & S.) 355.
On the other hand, if plaintiff brings the cause to trial before the-court without a jury, and the court are of opinion that the case alleged is not one for equitable relief, but only legal relief, defendant has a right to trial by jury before such relief is awarded. And on objection made as soon as the failure to establish a right to equitable relief appears, the court should send the cause to the jury term for trial-Willis v. Bellamy, 52 Super. Ct. (J. & S.) 373.
Plaintiff's waixer of the right.] By bringing an action for both legal and equitable relief, plaintiff waives his right to trial by jury; and the court have power to refuse to settle for jury trial even the issues on which the legal relief depends. Cogswell v. N. Y. and New Haven R. R., 105 N. Y. 319.
Plaintiff hound hy the frame of his own action.] If plaintiff’s com *279 plaint fixes the character of the action as in .equity, defendant has a right to insist on its being tried as such and not before a jury. Watson v. Manhattan Ry. Co., 17 Abb. N. C. 280.
Defendants course to avoid waiving his objection.] If plaintiff notices for trial by jury, a cause in which he seeks both legal and equitable relief, defendant may await the trial to learn whether plaintiff intends to waive the demand for equitable relief; and may meanwhile serve cross-notice of trial, and answer ready on the call of the calendar; and nevertheless may, if plaintiff, on opening his case shows that he seeks the equitable relief, object to trial by jury and demand trial by the court without jury. Watson v. Manhattan Ry. Co. (above cited).
Nature of action not changed by counter-claim,.'] If plaintiff’s complaint fixes the character of the action, defendant’s answer does not change it, even by setting up a counter-claim for equitable relief in connection with a mere defense. The defendant may still insist on a jury trial of the issues raised by the complaint and defense ; and if the coupter-claim requires a different mode of trial, it may be tried afterward. Untermeyer v. Beinhauer, 105 N. Y. 521.
Issue necessary.] The right of trial by jury (in divorce) depends on there being an issue of fact, and extends only to such issue. The questions, if any, necessary to be determined, beside the issues raised by the answer and triable by jury, may be tried by the court without jury. Galusha v. Galusha, 43 Hun, 181.
Interpleader.] If defendant, by motion, procures a third person to-be brought in as an adverse claimant, and deposits the fund in court- and is discharged (Code Giv. Pro. § 820), the controversy between the plaintiff and the person thus brought in, is an equitable one not involving a right of trial by jury, even though plaintiff’s claim against defendant was of right triable by jury. Clark v. Mosher, 107 N. Y. 118.

 Van Brunt, P. J., Brady and Daniels, J J.