CORNELIUS B. MITCHELL and Others, Respondents, v. ALFRED OLIVER, Appellant.

*Reference — a counter-claim setting up numerous items of damage arising from misconduct and neglect does not present a long account.*

In an action brought to recover a balance of account and interest due for moneys advanced, the complaint contained a single item of balance of cash loaned, followed by a credit of four items, representing a balance of account of sales made on different dates. The defendant denied that there was any money due from him, and alleged, by way of counter-claim, that he entered into a contract with the plaintiffs by which they were to act as agents in selling goods; "that, owing to plaintiffs' neglect and misconduct, in and about selling said goods as directed, and making sales of same at less prices than directed, under and in accordance with said agreement, and at less than their market value, defendant was prevented from obtaining for goods of the same character prices which he otherwise would have obtained, and also lost many sales thereby, and was otherwise damaged."

*Held*, that the provisions of section 1013 of the Code of Civil Procedure authorized a compulsory reference to hear and determine all actions where the trial will require an examination of a long account, but that such account must be the immediate object of the action or the ground of defense. It must be directly, not collaterally, involved.

*Camp* v. *Ingersoll* (86 N. Y., 433) followed.

That the complaint in this action did not involve the examination of a long account; that the defendant's counter-claim consisted of numerous items, but they resulted collaterally from the agreement between the parties in regard to the sales of merchandise, and depended upon charges of disobedience and neglect in reference thereto, which were clearly matters not of account, but of damage resulting from alleged improper conduct.

Appeal by the defendant from an order, entered in the office of the clerk of the county of New York on the 6th day of January, 1890, whereby the above-entitled action was referred to Eugene H. Pomeroy, Esq., to hear and determine the issues therein ; and also from an order, entered in said office on the 20th day of January, 1890, whereby Robert E. Deyo, Esq., was appointed referee to hear and determine all the issues thereof.

*Francis Forbes*, for the appellant.

*William Mitchell*, for the respondents.

BRADY, J.:

This action was brought to recover a balance of $1,798.60 and interest due for moneys advanced and loaned by the plaintiffs as commission merchants in the city of New York. The complaint alleged the loan and advance of money to the defendant as per schedule A annexed to the complaint. Schedule A contains one item: June thirtieth, balance cash loaned prior to date, $7,361.57. Then follows a credit of four items, being balances of account of sales made on different dates, $5,562.99, this leaving the amount due, as alleged in the complaint, according to schedule A, $1,798.60. The defendant denies that there is any money due, and then alleges, by way of counter-claim, that in May, 1886, he entered into a contract with the plaintiffs, by which they were to act as agents in selling goods, wares and merchandise manufactured by him to be consigned and shipped to them for sale, and were to use due diligence in selling the same, and in exhibiting and offering the same to purchasers, and offering facilities for selling the same, and were to obey the reasonable directions of the defendant in regard to the sales; that, subsequent to the date mentioned, the defendant gave directions which were reasonable, and which, if obeyed, might have resulted in a sale of the goods at the prices mentioned; that plaintiffs did not use reasonable diligence, but unreasonably delayed and neglected to sell the same in accordance with the directions, and with the terms of the contract, and sold certain goods, without authority or direction, at less than the prices at which the plaintiffs were directed to sell the same, and at prices less than their market-value; that they never accounted for certain goods so placed in their hands, and " that, owing to plaintiffs' neglect and misconduct in and about selling said goods as directed, and making sales of same at less prices than directed, under and in accordance with said agreement, and at less than their market-value, defendant was prevented from obtaining for goods of the same character prices which he otherwise would have obtained, and also lost many sales thereby, and was otherwise damaged. That defendant, by and on account of said neglect and misconduct on the part of plaintiffs, as above set forth, suffered damage to the amount of $12,000.

The provisions of the Code (§ 1013) authorize a compulsory

reference to hear and determine all actions where the trial will require the examination of a long account, but the account must be the immediate object of the action or the ground of defense. It must be directly, not collaterally, involved. (*Camp* v. *Ingersoll*, 86 N. Y., 433.) In that case, FOLGER, J., refers to the case of *Van Rensselaer* v. *Jewett* (6 Hill, 373), in which it was said that a case could not be referred, although there were many items of damage, unless there is an account between the parties in the ordinary acceptation of the term, which is one made up of the dealings of the parties with one another, though the account may be that of one party only. The learned justice also refers to *Kain* v. *Delano* (11 Abb. [N. S.], 29), where it was held that the account to be examined must be the immediate object of the action or the ground of defense, and must be directly, and not collaterally, involved.

The plaintiffs' demand clearly does not involve the examination of a long account. Indeed, there is no allegation to that effect. The defendant's counter-claim consists of numerous items, but they result collaterally from the agreement between the parties, which was to loan, advance and sell on the one hand, and on the other to manufacture and consign for sale, and for the reason that they depend upon charges of disobedience in reference to the mode of sale, and are put expressly upon the charge with which the answer concludes, namely, that the defendant had, on account of neglect and misconduct on the part of the plaintiffs, suffered damage. They are clearly matters not of account, but of damage resulting from alleged improper conduct.

This theory in regard to references was carried out also in the case of *Untermyer* v. *Beinhauer* (105 N.Y., 521), where it was said the fact that a bill of particulars had been furnished by plaintiff, specifying a number of items of damage, did not bring the action within the provisions of the Code. And further, in answer to an objection, that the counter-claim set up in the answer, although it might require the examination of a long account would not make the action referable; the character of the action was to be determined by the complaint; the answer could not change it. (*Welsh* v. *Darragh*, 52 N. Y., 590.) And *Townsend* v. *Hendricks* (40 How. Pr., 143) was cited and approved, holding that a defendant had a constitutional right to a trial by jury of the issues presented by the complaint, and

he did not waive that right by setting up, in addition to his defense, a counter-claim.

It seems to be clear, under these authorities, that this action is not one in which a reference can be enforced, even though the counter-claim might require the examination of a long account.

The order should be reversed, with ten dollars costs and disbursements.

Daniels, J. :

I concur in the conclusion that the issues in this action could not be referred without the consent of each of the parties. Where, however, a long account in favor of the defendant may be in issue, a reference may now be ordered by the court without such consent. Section 1013 of the Code of Civil Procedure has been so amended as no longer to make the power of the court to order a reference dependent on the complaint alone. Now, where the trial will require the examination of a long account on either side, a reference may be ordered without the consent of either party. But this is not such an action, and the order of reference being resisted by one of the parties, was erroneously made, and should be reversed and the motion denied.

Van Brunt, P. J., concurred.

Order reversed, with ten dollars costs and disbursements.