Appeal from special term, Westchester county.

Action by Ellen M. Quinn against Margaret McDonald to foreclose a mortgage assigned to plaintiff. Plaintiff appeals from an order of reference.

Argued before BARNARD, P. J., and PRATT, J.

*Pascal T. Southern,* for appellant. *Benner & Benner,* for respondent.

BARNARD, P. J. The action is not one in which a reference can be compulsorily ordered. The complaint sets out the execution of a bond and mortgage to one John Lynch by Hugh McDonald to secure moneys due to Michael J. Murphy and Jonas C. Quinn from Edward McDonald, under a contract he had with the United States government. The premises are now owned by the defendant, Margaret McDonald. The only account involved is one between Murphy and Quinn on one side, and Edward McDonald on the other, to determine the amount due on the bond and mortgage as against the surety. This is not an account, in the ordinary acceptation of the term, between the parties, and is not referable. *Camp* v. *Ingersoll,* 86 N. Y. 433; *Untermyer* v. *Beihauer,* 105 N. Y. 521, 11 N. E. Rep. 847. Assuming the action to be referable by motion as one involving the examination of a long account, it should not be referred under the issue made by the pleadings. As has been stated, the complaint avers the execution of a bond and mortgage to secure moneys due from Edward McDonald to Jonas C. Quinn and Michael J. Murphy. The answer denies the execution of the bond and mortgage, and alleges that the same was given to secure a loan which was never made, and that the plaintiff is a fraudulent vendee of the mortgage. The answer further avers that in the deed of the premises from Hugh McDonald to Margaret McDonald a brother of the plaintiff fraudulently inserted an assumption of this mortgage, and the answer claims to cancel the mortgage and strike out this clause. The only real issue, therefore, is of the execution of the bond and mortgage. The charges in respect thereto involve questions of fraud and breach of faith. The circumstances surrounding the transaction as stated in the complaint are not without need of explanation, as the showing of the consideration of the bond and mortgage as stated therein. The bond and mortgage was given to one John Lynch. It was given for $5,000, payable in the usual form. It contains no reference to the same being given to secure a debt of Edward McDonald. Why it was not given direct to the creditor, and why it was assigned to them rather than the plaintiff, are questions to be answered by the plaintiff upon the trial. The plaintiff has a right to have these issues tried in the usual way. Did the plaintiff, or those acting for her, insert an averment in Margaret McDonald's deed? Was this done by an attorney of this court? The plaintiff is to be compelled to answer these questions under the pleadings, and should have a trial in the special term of this court, or by issue to be framed for a jury. The order should therefore be reversed, and the motion for a reference denied, costs of motion and of appeal to abide event of the action.

---

QUINN <i>v.</i> McDONALD.

(<i>Supreme Court, General Term, Second Department.</i> July 18, 1890.)

Appeal from special term, Westchester county.

Action by Ellen M. Quinn against Annie McDonald to foreclose a mortgage assigned to plaintiff. Plaintiff appeals from an order of reference.

Argued before BARNARD, P. J., and PRATT, J.

*Pascal T. Southern,* for appellant. *Benner & Benner,* for respondent.

BARNARD, P. J. The issue in this action is the same in every respect as in the preceding action, (*Quinn* v. *McDonald, ante,* 855,) and the order granting a reference should be reversed for the same reasons as are given in the foregoing opinion.