CHU PAWN and Others, Composing the Firm of YEE LONG & Co., Appellants, *v.* ROBERT J. IRWIN, Doing Business as R. J. IRWIN & Co., Respondent.

*Compulsory reference — long account — counterclaim.*

A case for a compulsory reference on the ground that a long account is involved is not presented, in an action brought to recover the aggregate of many items of money had and received, where the real controversy (through a reduction of the issues by admissions in the answer) does not involve an account but relates solely to one of the terms of the contract under which the moneys were received, and the real point in dispute between the parties, except with respect to this one item, is as to the rate of compensation which the defendant was to receive for his services.

A plaintiff's claim to a compulsory reference cannot be based upon or aided by a counterclaim set up by the defendant.

APPEAL by the plaintiffs, Chu Pawn and others, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 3d day of June, 1893, denying the plaintiffs' motion for a compulsory reference of the action.

*Denis McMahon*, for the appellants.

*George A. Strong*, for the respondent.

O'BRIEN, J. :

The motion was made on the pleadings, the defendant's bill of particulars of his counterclaim, and on two affidavits, the latter setting forth in detail the issues as understood by one of the plaintiffs and his attorney. Since the court is as competent to judge of what issues are presented by the pleadings as either of these affiants, little weight may be attached to the affidavits, and the motion must, therefore, be disposed of by the construction to be placed upon the pleadings as to the actual issues between the parties.

The complaint sets forth three causes of action, and the claim is advanced that, by reason of the defense interposed, and more particularly the counterclaim of the defendant, there is involved a long account, which entitles plaintiffs to a compulsory reference.

It appears that plaintiffs, who are importers, employed the defend-

ant, who was a custom house broker, to get their goods out of bond, and it is alleged that while acting for them in a fiduciary capacity he obtained at different times different sums, upon representations, charged to be false, that they were called for by the custom house authorities to pay extra duties and penalties imposed on the goods of plaintiffs.

The first cause of action is founded on nineteen several items of money, of large and small amounts, which it is alleged the defendant so received, and in great part embezzled and fraudulently misapplied to his own use. The second cause of action is founded on four items paid by plaintiffs' auctioneers to defendant, which were deducted from the proceeds of sale of plaintiffs' goods at auction, and which it is charged were likewise in great part embezzled and fraudulently misapplied by the defendant while acting in a fiduciary capacity. The third cause of action is founded upon ten distinct items of moneys received under circumstances similar to those detailed in the second cause of action. In addition, the plaintiffs allege that the aggregate of the sums of money received by the defendant under said three causes of action from the plaintiffs as their custom house broker and in a fiduciary capacity was $15,080.29, and that upon an examination by permission of the treasury department as to the payments upon all importations of plaintiffs, they ascertained that the total of all the duties, penalties and custom house charges amount to $8,526.41, and that the difference between the two aggregates, to wit, the sum of $6,503.48, is the sum which the defendant received and misapplied, and for which they claim judgment.

The answer admits the receipt of all the moneys charged in these various accounts in the complaint, except one item in the first cause of action, which amounts to $331.16; and in addition, the first paragraph of the answer admits so much of the complaint as charges that they were received in a fiduciary capacity, and alleges affirmatively the same fiduciary relation.

It is difficult to see, therefore, upon what the argument is based, that under the issues there will be required an examination of a long account, there being practically but one issue, viz., the amount of compensation which the defendant was to receive for his services. The argument based on the counterclaim of defendant does not help

the plaintiff, for as said in *Untermyer* v. *Beinhauer* (105 N. Y. 521) : " The defendant has a constitutional right to trial by jury on the issues presented by the complaint and answer, and he does not waive that right by setting up in addition to his defenses a counterclaim."

If this could be regarded as an action sounding in tort, then a reference would not be proper. But if we assume, as contended by plaintiffs, that the three causes of action are actions on contract, and if we assume, as we must, that all the items under each contract were covered by a single agreement, it would not require an examination as to the terms and conditions under which each item of money was received by the defendant, but in proof of each contract such terms as apply to all the items would only need to be proved. Moreover, the fact that there is more than one contract alleged by way of separate causes of action does not entitle the plaintiffs to a compulsory reference, because it is only where a long account is involved that such can be demanded. We are, therefore, of opinion, as the respondent contends, that an examination of the pleadings in this action will show that the real controversy does not involve an account, but relates solely to one of the terms, not the nature of the contract, under which the moneys in question were received, and that the real point in dispute between the parties, except with respect to one item, is as to the rate of compensation which the defendant was to receive for his services.

We think, therefore, that the motion was properly disposed of by the court below, and that the order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

Order affirmed, with costs.