(54 Misc. 630)

### ARONIN v. PHILADELPHIA CASUALTY CO.

(Supreme Court, Appellate Term. June 6, 1907.)

REFERENCE—WHEN ALLOWED—ACCOUNTS BETWEEN PARTY AND THIRD PERSONS.
    Under Code Civ. Proc. § 1013, authorizing a compulsory reference for the examination of a long account, etc., the account to be examined must be the primary object of the action, made up of the dealings between the parties, and no reference may be had in an action on a bond of indemnity

issued to plaintiff insuring him against loss of merchandise claims to re-cover damages for losses incurred because of several debtors' insolvency, though numerous items of damage may require examination as an incident to the relief demanded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, §§ 13–23.]

Appeal from City Court of New York, Special Term.

Action by Mark Aronin against the Philadelphia Casualty Company. From an order of compulsory reference, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Henry Kuntz, for appellant.

Max L. Arnstein (Charles M. Weeks, of counsel), for respondent.

ERLANGER, J. Conceding that the City Court is invested with power to order a compulsory reference in a proper case, I hold that this is not such a case in which such power can be exercised. The action is predicated upon a bond of indemnity issued by the defendant to the plaintiff, wherein he is insured against loss of merchandise claims, not to exceed $3,000. The immediate object of the action is to recover damages for losses incurred because of the insolvency of 18 debtors, who failed to pay for the merchandise sold and de-livered to them by plaintiff, and the credit bond or insurance policy was issued by the defendant to protect plaintiff against such loss. Be-cause numerous items of damage may thus require examination as an incident to the relief demanded of itself conferred no right upon the court to send the case to a referee. Something more was required. It was incumbent upon the moving party to show, firstly, that the account to be examined was the primary object of the action; second-ly, that it was made up of the dealings of the parties with one another; and, lastly, that it was not collaterally involved. Not one of these requirements was shown; but it was clearly made to appear that the accounts, instead of being between the parties, are between plaintiff and third persons, who are entirely disinterested in the result of the same. It has been repeatedly held that a party cannot be deprived of his right to a jury trial where such a situation is presented, and where an account is only collaterallly involved; and, as we are bound by the rule of stare decisis, we are not permitted to ignore the many precedents which are firmly established as part of the law of the state.

In Camp v. Ingersoll et al., 86 N. Y. 433, 436, the precise question was determined by the Court of Appeals, and in that case the court, through Folger, C. J., said:

"Though the examination of numerous items of damage may be involved, they do not constitute an account, technically or properly speaking, between the parties. Silmser v. Redfield, 19 Wend. 21. An account between the par-ties is one made up of the dealings of the parties with one another (Dederick's Adm'rs v. Richley, 19 Wend. 108), though the account may be that of one party only. And so in Kain v. De Lano, 11 Abb. Prac. (N. S.) 29, it is held that the accounts to be examined must be the immediate object of the action or the ground of defense, and must be directly and not collaterally involved. * * * The defense does not seek to make the plaintiff liable for anything

that will be shown by the account, but only by what the account will disclose to affect the magnitude of the sum in which the defendant shall be held liable. The account is not directly involved in the suit. It is incidental or collateral. It is not the account of both parties, or of either party. It is the account of inventory of a third or unconcerned party, referred to and inquired into or to make proof upon the issues in this suit."

It is not asserted by defendant that the accounts to be examined will disclose a liability on the part of plaintiff to it. On the contrary, it clearly appears that its own liability to plaintiff is made to depend upon whether or not the policy covers the claims of the 18 insolvent debtors in whole or in part; and to determine that question, even if an examination of the separate items is required, as to which there is grave doubt, no reference can be ordered against appellant's objection. It is evident that such accounts are but the means of measuring the plaintiff's damages, and that they are only incidentally involved in the action. See, also, Freeman v. Atlantic, etc., Ins. Co., 13 Abb. Prac. 124; Brink v. Republic Fire Ins. Co., 2 Thomp. & C. 550; Keller v. Payne, 51 Hun, 316, 4 N. Y. Supp. 227; Untermeyer v. Beihauer, 105 N. Y. 521–524, 11 N. E. 847.

It is difficult to distinguish the cited cases from this case. In Keller v. Payne, supra, a like question was presented, and the court said:

"Here it is apparent that the accounts by which the plaintiff seeks to show that the defendants were insolvent are for the most part, if not wholly, between the defendants and third parties, and that such accounts have only a collateral bearing upon the issues in this case."

No greater difficulty can be presented upon the trial of this action than is daily encountered in trials to recover loss on fire insurance policies, or in suits where commissions or royalties are sought to be recovered, in all which it is usually necessary to examine a very large number of items—in the one case the loss covered by the policy, and in the others the aggregate amount of commissions or royalties due. Smith v. London Assurance Corporation, 114 App. Div. 868, 100 N. Y. Supp. 194; Bentz v. Carleton & Hovey Co., 114 App. Div. 865, 100 N. Y. Supp. 206; C. & C. Electric Co. v. Walker, 35 App. Div. 426, 54 N. Y. Supp. 810. The possibility of involving the jury in error in determining the damages to which plaintiff may be entitled is quite remote.

The order should be reversed, with costs. All concur.