(56 Misc. Rep. 606.)

### LUSTGARTEN v. HARLAM.

(Supreme Court, Appellate Term. December 12, 1907.)

REFERENCE—COMPULSORY REFERENCE—EXAMINATION OF LONG ACCOUNT.

In an action by a physician to recover for services rendered defendant's wife between certain dates, the complaint alleged that the reasonable value of the services was a certain sum, that defendant agreed to pay the same, and that later plaintiff rendered further services by giving advice over the telephone. Annexed to the complaint was a schedule setting forth the number and dates of the alleged visits to defendant's wife; but no schedule was given of the telephone calls. Defendant's answer admitted the hiring, but denied any knowledge as to the number of visits. It also denied that defendant agreed to pay plaintiff the sum alleged, or that such sum was the reasonable value of the services, and also denied all of plaintiff's allegations as to the telephone calls and their value. In his affidavit opposing plaintiff's motion for a reference, defendant swore that the services were rendered his wife while she was suffering from one illness. *Held*, that it was error to order a reference against defendant's will.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, §§ 13–23.]

Appeal from City Court of New York, Special Term.

Action by Sigmund Lustgarten against Moses Harlam. From an order granting a motion for a compulsory reference, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Kellogg, Beckwith & Emery (Robert W. Crawford, of counsel), for appellant.

Edgar H. Rosenstock, for respondent.

PER CURIAM.   Plaintiff made a motion for a compulsory refer- ·
ence, upon the ground that the ·trial of the issues would involve the
examination of a long account and that no difficult or intricate question
of law would arise on the trial.   This motion was granted, and from
the order granting the same defendant appeals.

The complaint sets forth that plaintiff, as a physician, rendered
services to defendant's wife between May 18, 1906, and March 1, 1907,
and that for said services defendant promised and agreed to pay to
plaintiff the sum of $1,455, which was, according to the complaint, the
reasonable value of such services; that defendant has paid $750 on
account; that between October 12, 1906, and February 27, 1907, plain-
tiff rendered further and extra services by giving advice over the tele-
phone, which extra services were worth $300, making a total claim of
$1,005, for which plaintiff demands judgment.   Annexed to the com-
plaint is a schedule setting forth 1 alleged visit at $5, 101 alleged visits
at $10 each, 26 alleged visits at $15 each, and 2 alleged visits at $25
each, with the date of each alleged visit, making up an alleged claim
of $1,455, upon which $750 are acknowledged to have been paid.   No
schedule is given of the alleged telephone calls, for which plaintiff
claims $300, in addition to the balance of $705 alleged to be due for
the visits, making, as we have seen, a total claim of $1,005.   The an-
swer admits the hiring of plaintiff by defendant, but denies knowledge
or information sufficient to form a belief as to the number of visits.
It further denies that defendant agreed to pay to plaintiff the sum of
$1,455 for the services rendered, or that such sum was the reasonable
value of such services, and it also denies all of plaintiff's allegations
concerning the alleged telephone calls and their alleged value.   In his
affidavit opposing the motion for a reference defendant swears that
whatever services were rendered by plaintiff to defendant's wife were
rendered while she was suffering from one complaint, and that the
said services did not cover any separate illness of defendant's wife,
which seems to be a reasonable inference from the allegation of the
complaint that the services were rendered to defendant's wife for a
malady under which she labored.   It seems to us that the proof as to·
the number of visits and telephone calls would be merely formal, and
that the alleged long account is not the immediate object of the action,
and is not directly, but only collaterally, involved.

The main issue is:   Did defendant promise to pay plaintiff the sum
alleged, and was that sum the reasonable value of the visits and tele-
phone calls?   It would take but a short time to testify as to the num-
ber and dates of the alleged visits and telephone calls, and there is
nothing in the papers in this case which would indicate that an average
jury could no fully bear in mind and appreciate the evidence relating
to the nature and value of the alleged services claimed to have been
rendered by plaintiff to defendant.   Under the conditions above indi-
cated it was error to order a reference against the will of defendant.
Camp v. Ingersoll, 86 N. Y. 443–436; Aronin v. Philadelphia Casual-
ty Co., 54 Misc. Rep. 630, 104 N. Y. Supp. 810; Spence v. Simis,
137 N. Y. 616–618, 33 N. E. 554; Hedges v. Methodist Protestant
Church, 23 App. Div. 347, 348, 48 N. Y. Supp. 154; Feeter v. Arken-
burgh, 147 N. Y. 237, 41 N. E. 518; Prentice v. Huff, 98 App. Div.

111–114, 90 N. Y. Supp. 780; Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589; Cantine v. Russell, 168 N. Y. 484, 61 N. E. 769.

The order is reversed, with $10 costs and disbursements, and the motion for a reference is denied, with $10 costs.