FRANK KELLER AND CHARLES FREY, RESPONDENTS, v. WILLIAM H. PAYNE, APPELLANT, AND ANOTHER.

*Compulsory reference — the account must be one between the parties to the action.*

In an action to recover the purchase-price of goods sold and delivered it appeared that the plaintiffs had accepted, in payment for such goods, two promissory notes which had not yet fallen due when the suit was commenced, and which they offered to restore to the defendants, alleging that they had been induced to take them by false representations as to the defendants' solvency.

Upon the trial at circuit, before a jury, the plaintiffs endeavored to prove that the defendants were insolvent by entries from the books of the defendants' firm, whereupon the judge presiding at the trial ordered a reference, of his own motion, on the ground that the case involved the examination of a long account.

*Held,* that, in order to authorize a compulsory reference the account must be one existing between the parties to the action, and must be directly involved in the suit.

That a compulsory reference was not properly ordered in this case.

APPEAL by the defendant William H. Payne from an order, entered in the office of the clerk of the county of New York, on the 2d day of May, 1888, directing that this action be referred to Leonard J. Langbein, Esq., a counselor at law, to hear and determine the same.

*L. Laflin Kellogg,* for the appellant.

*Chas. Miehling,* for the respondents.

BARTLETT, J.:

This is an action to recover the purchase-price of goods sold and delivered. The plaintiffs accepted from the defendants in payment therefor two promissory notes, which had not yet fallen due when the suit was begun, but which they offered to restore to the defendants, alleging that they had been induced to take them by means of false representations as to the defendants' solvency. Upon the trial at Circuit, before a jury, the plaintiffs endeavored to prove that the defendants were insolvent, by entries from the books of the defendants' firm; and the learned judge who was presiding finally ordered a reference, of his own motion, on the ground that the case involved the examination of a long account. The defendants admitted the purchase of the goods which the plaintiffs claimed to have sold them, but denied the alleged fraudulent representations, and pleaded the giving and acceptance of the notes as an affirmative defense. The case, therefore, did not call for the examination of a long account, or any account whatever, between the parties. The entries in the books of the defendants were material, only as bearing upon the question of their solvency at the time of the alleged misrepresentation. It is well settled that, in order to authorize a compulsory reference, the account must be between the parties to the action, and must be directly involved in the suit. (*Camp* v. *Ingersoll,* 86 N. Y., 433.) Here it is apparent that the accounts by which the plaintiffs seek to show that the defendants were insolvent, are, for the most part, if not wholly, between the defendants and third parties, and that such accounts have only a collateral bearing upon the issues in the case. Under these circumstances, the action of the court below cannot be sustained, unless we are prepared to hold that a compulsory reference is authorized in any action based upon the allegation of false representations by a defendant as to his solvency, wherein the plaintiff proposes to read accounts from the defendant's books, between the defendant and other creditors, for the purpose of proving the alleged fraud.

The order should be reversed, with costs, and the case should be restored to the Circuit calendar for trial.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed, with costs, and case restored to the Circuit calendar for trial.