TANNENBAUM *et al.* *v.* ROSSWOG *et al.*

(*Supreme Court, Special Term, New York County.* February, 1889.)

INJUNCTION—PENDENTE LITE—ATTACHMENT.

   Attaching creditors of one whose property has been sold under execution to satisfy a judgment may, where fraud is alleged in obtaining the judgment, have an injunction to prevent any disposition of the proceeds of sale till such reasonable time as will enable them to obtain judgments.

At chambers. Motion to continue injunction *pendente lite.*

An action by Lippman Tannenbaum and 12 others against C. Rosswog & Co., Magdalena E. Rosswog, and James A. Flack, sheriff of New York county. At the commencement of the action plaintiffs, as the attaching creditors of C. Rosswog & Co., obtained a preliminary injunction against defendants to prevent them from disposing of the proceeds of a sale of property made under execution to satisfy a judgment against C. Rosswog & Co., and in favor of Magdalena E. Rosswog; plaintiffs alleging the judgment to be fraudulent. The case is now heard on motion to continue the injunction for such reasonable time as will enable plaintiffs to obtain judgments against C. Rosswog & Co.

*Franklin Bien,* for plaintiffs.   *A. J. Dittenhoefer,* for defendants.

O'BRIEN, J.   This is an action by attaching creditors to obtain judgment —*First,* that the sheriff retain or deposit with the chamberlain the proceeds of the sale of property of the defendants Constantine' and Hypolite Rosswog, levied upon and sold under a judgment obtained in favor of Magdalena E. Rosswog, until the plaintiffs in this action are able to obtain judgments in the actions brought by them to determine the validity of the said judgment; *second,* that the plaintiffs have reasonable time to procure their several judgments, and that plaintiffs have such further relief, etc. The substantial question in this case is whether or not such an action is maintainable. To obtain the relief sought, the complaint and affidavits show that some of the plaintiffs obtained attachments against certain of the defendants in the city court, and certain other plaintiffs obtained attachments in the court of common pleas. Then, joining forces, they all united in this action prior to obtaining judgments. All the earlier authorities are seemingly against the right to maintain such an action. In *Adsit* v. *Butler,* 87 N. Y. 585, which is an authority for the position that the judgment creditor alone has a standing in court to attack a prior incumbrance as fraudulent, the court says that "it is essential that the plaintiff be a judgment creditor." This rule is likewise held in federal courts, wherein it is said that "equity will not assume jurisdiction to reach the debtor's property on the application of a creditor, unless his debt is either admitted or merged into a judgment, and there are special circumstances rendering the aid of a court of equity necessary." *Public Works* v. *Columbia College,*

---

17 Wall. 521; *Smith* v. *Railroad Co.*, 99 U. S. 398.   The authorities cited as establishing the right to maintain an action of this character are the cases of *Bates* v. *Plonsky*, 28 Hun, 112; *Keller* v. *Payne*, 4 N. Y. Supp. 227; *Bowe* v. *Arnold*, 31 Hun, 256.   In *Bates* v. *Plonsky*, the attachments were levied upon the stock in trade, and the executions upon confessed judgments were levied upon the same property.   These latter, and the assignment made by the defendant, were attacked by attaching creditors as having been fraudulent and void, and made and entered into with intent to hinder, delay, or defraud creditors, and the plaintiff, therefore, claimed priority over the general assignee and the creditors in the judgments confessed, although their attachments were in point of time subsequent.   It is therein said: "It is entirely clear that no such suit can be maintained for the vindication and establishment of the rights of the attaching creditors, if the property seized under the attachments had not been of a tangible nature." Upon this latter ground—that the property to be reached was not tangible, and was not of a nature to be levied upon by attachment—the case of *Bowe* v. *Arnold* seemingly turned, and it was therein held, upon the facts of that case, the action could not be maintained.   In the case of *Keller* v. *Payne*, 4 N. Y. Supp. 227, it was held that because the assignee was not made a party the action was not maintainable.   The case of *Keller* v. *Payne* reasserted the doctrine laid down in the case of *Bates* v. *Plonsky*, and is an authority for the maintenance of this action.   Without, therefore, expressing any opinion upon the question, which in the absence of the cases cited would seem doubtful, I am controlled by these authorities.   It should be noticed that, while the facts here are alleged with a view to maintain an action in equity for an injunction until judgments can be obtained for the purpose of setting aside the Rosswog judgment, the prayer does not ask, in terms, for any such relief in this action.   It should also be noticed in this case that the affidavits raise a question as to whether the claims of the several attaching creditors are due.   These objections are met by the suggestion that under the Code the plaintiffs, in order to vacate the judgment charged to be fraudulent, must be judgment creditors, and that the rule laid down in *Bates* v. *Plonsky* and *Keller* v. *Payne* permits the bringing of this action to obtain the equitable relief of keeping the fund intact by means of an injunction in the action until the plaintiffs can become judgment creditors; and that if plaintiffs make out such a case, which (if they were judgment creditors) would enable them to set aside the judgment, they will, in an action of this character, be entitled to a judgment for an injunction.   However, if the action itself upon the facts is maintainable, the prayer of the complaint is not controlling, and if not broad enough the court, in a proper case, has power to enlarge it.   Concluding, therefore, that there is authority to sustain the bringing of this action, it is proper to say that, upon the facts presented, the plaintiffs show ample grounds for believing a fraud was attempted.   The question raised as to the invalidity of the attachments can be disposed of in the language of the learned judge writing the opinion in *Keller* v. *Payne*, who says: "I think there was enough in the papers to give jurisdiction to the officer who granted the warrant." Hence it cannot be deemed invalid, and, so long as the attachment remains in force, it suffices to give the plaintiffs the standing of attachment creditors in the present action.   For the reasons stated the motion to continue the injunction should be granted.