(31 Abb. N. C. 49.)

MORITZ v. KALISKE et al.

(Supreme Court, Special Term, New York County.   October, 1893.)

ATTACHMENT—RIGHT OF CREDITOR TO SUE IN AID OF ATTACHMENT.
   An attaching creditor has a lien on the property attached, and may enjoin its removal from the jurisdiction of the court.

Action by Henry Moritz against Joseph Sachs Kaliske, Theodore Kaliske, Charles S. Kaliske, William Vogel, and Sara S. Kaliske, Fabian S. Kaliske, and Theodore Kaliske, as executors of the estate of Alexander S. Kaliske, deceased, and John J. Gorman, as sheriff of the city and county of New York. Plaintiff moves to continue, pendente lite, an injunction theretofore granted.   Granted.

The complaint alleged that on or about the 21st day of September, 1893, plaintiff commenced in the supreme court in and for the county of Kings an action against defendant Joseph Sachs Kaliske to recover $5,212.50, with interest from the 17th day of September, 1893, on a promissory note made

and delivered, for value, by said defendant to the firm of Knudson, Paterson & Co., of New York, and by said firm transferred and assigned, for value, to plaintiff prior to maturity, which said action is still pending, undetermined,—said defendant not having appeared, answered, or demurred therein; that on or about the 27th day of September, 1893, a warrant of attachment against the property of said defendant was duly granted in said action on the ground that said defendant had assigned, disposed of, or secreted his property with intent to defraud his creditors, and a levy thereunder was made on the interest of said Joseph Sachs Kaliske in certain Dongola kid skins, or in the proceeds of the sale thereof, which skins or proceeds were then in the possession of said sheriff under certain executions issued against the property of the defendants Theodore Kaliske and Charles S. Kaliske; that prior to the commencement of said action, and on or about the 7th day of August, 1893, and for the purpose and with the intent of preventing the application of the property of said Joseph Sachs Kaliske to the payment of said note, pursuant to a conspiracy, Joseph Sachs Kaliske transferred, and Theodore Kaliske and Charles S. Kaliske received, the title to said Dongola kid skins; that said Theodore Kaliske and said Charles S. Kaliske afterwards, on August 31, 1893, confessed judgment in favor of defendant William Vogel for the sum of $4,576.61, and in favor of defendants Sara S Kaliske, Fabian S. Kaliske, and Theodore Kaliske, as executors of the estate of Alexander S. Kaliske, deceased, for the sum of $7,170.51, and that on or about the 1st day of September, 1893, executions were issued on said judgments, respectively, and were levied on the Dongola kid skins so pretended to be transferred by said Joseph Sachs Kaliske as aforesaid; and that the said defendant Joseph Sachs Kaliske is wholly insolvent. The prayer of the complaint is "(1) that the defendants, and each of them, may be enjoined and restrained from paying over, transferring, removing, or disposing of the proceeds of the sale of said Dongola kid skins, or of any part thereof, and that said proceeds may be held by the defendant sheriff under and by virtue of the plaintiff's attachment in said action, and applied to the satisfaction of his judgment therein, when obtained; (2) that said pretended bill of sale of said Dongola kid skins may be adjudged and declared to be null and void; (3) that the plaintiff may have such other and further relief as to the court may seem just; (4) that the plaintiff may recover the costs and disbursements of this action."

R. Burnham Moffat, for plaintiff.

B. Lewinson and Peter B. Olney, for defendants.

PATTERSON, J. In People v. Van Buren, 136 N. Y. 252, 32 N. E. 775, the court of appeals has settled in the affirmative the theretofore much debated and very doubtful question of the right of an attaching creditor to maintain a suit in aid of his attachment, and to enforce the lien thereof, where the debtor has fraudulently disposed of property. It is also held that in such a suit a plaintiff is not a mere creditor at large, but has a lien, and may enjoin the removal of property of the debtor from the jurisdiction of the court when danger of such removal is shown. The averments of the complaint in this action bring it directly within the principle of the decision referred to, and, on an examination of the affidavits submitted on this motion, I think sufficient is disclosed to require the continuance of the injunction pendente lite, and until a full and thorough investigation of the whole case may be had upon the trial. On the plaintiff giving an undertaking in an amount to be fixed on the settlement of the form of the order, the injunction will be continued until the hearing and decision of the cause.