EDMUND C. WHITNEY and AUGUST BECK as Sheriff of Erie County, Appellants, *v.* JOSEPH DAVIS et al., Respondents.

1. APPEAL — ORDER. An order, affirmed by the General Term, denying a motion for a new trial upon the ground of newly-discovered evidence, which states that the motion was denied for the reason that the "action was prematurely brought" and "without a consideration of the motion upon the merits," is reviewable by the Court of Appeals as a final order determining the action.

2. ATTACHMENT — SETTING ASIDE TRANSFER. It is the general rule that an equitable action cannot be maintained by an attaching creditor to set aside a fraudulent transfer made by the attachment debtor, until after the recovery of judgment and the issuing of execution in the attachment action.

3. ACTION IN AID OF ATTACHMENT — NON-RESIDENT DEFENDANT. The fact that an alleged fraudulent transfer of realty in this state by a non-resident debtor to other non-residents prevents the levy of an attachment is not such a special circumstance as will authorize the maintenance, upon general equity principles, independent of statutory enactments, of an action by an attachment creditor to set aside such transfer and subject the realty to the levy of an attachment as a condition precedent to judgment, in an action against the non-resident debtor on a money demand.

4. SHERIFF — ACTION IN AID OF ATTACHMENT. — CODE CIV. PRO. § 655, SUB. 2. The only authority for the maintenance, before final judgment in the attachment action, of an action in aid of an attachment against a defendant served without the state or by publication, is that conferred by subdivision 2 of section 655 of the Code of Civil Procedure upon the attaching sheriff, "where the defendant has not appeared in the action (otherwise than specially), but has made default;" and such an action is, consequently, premature, if brought before the defendant in the attachment action is in default therein.

Reported below, 88 Hun, 168.

(Argued January 6, 1896; decided January 21, 1896.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made June 4, 1895, which affirmed an order of Special Term denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Norris Morey* for appellants. This action is maintainable as an action in aid of an attachment without an allegation or proofs that Davis had made default in the attachment suit, all the allegations of the complaint and the moving affidavits being accepted as true. (Code Civ. Pro. §§ 636, 638, 641, 645, 655, 708, 1671, 1672; *Thayer* v. *Gillett*, 9 Abb. Pr. 325; *Bergen* v. *Carman*, 79 N. Y. 146, 153; *Geery* v. *Geery*, 63 N. Y. 252, 256; *Adsit* v. *Butler*, 87 N. Y. 585; *Hall* v. *Stryker*, 27 N. Y. 596; *Rinchey* v. *Stryker*, 28 N. Y. 45; *Falconer* v. *Freeman*, 4 Sandf. Ch. 565; *Skinner* v. *Stuart*, 13 Abb. 442, 455, 456; *Greenway* v. *Mumford*, 19 Abb. 470; *M. & T. Bank* v. *Dakin*, 51 N. Y. 519; *Thurbur* v. *Blanck*, 50 N. Y. 80; *Bates* v. *Plonsky*, 28 Hun, 112; *Tannenbaum* v. *Roswog*, 22 Abb. [N. C.] 346; *Kelly* v. *Payne*, 22 Abb. [N. C.] 352; *People ex rel.* v. *Van Buren*, 136 N. Y. 252; *N. T. Bank* v. *Wetmore*, 124 N. Y. 241; *Moritz* v. *Kaliske*, 31 Abb. [N. C.] 49; *Southard* v. *Benner*, 72 N. Y. 426; *Van Heusen* v. *Radcliff*, 17 N. Y. 580.) This suit is maintainable under subdivision 2 of section 655 of the Code of Civil Procedure. (Potter's Dwarris on Stat. 286, 292; Sedg. on Stat. & Const. Law, 371; *State* v. *Meyers*, 10 Iowa, 448; *Townsend* v. *Read*, 10 C. B. [N. S.] 308; *Bayliss* v. *Murphy*, 55 Ill. 236; *Fischer* v. *Blank*, 81 Hun, 579; Code Civ. Pro. §§ 445, 707, 803, 809, 870, 876, 1217; *Glenny* v. *Stedwell*, 64 N. Y. 120; *Witcher* v. *T. Assn.*, 38 N. Y. S. R. 364.) No question can be made on this application, or on this appeal, that the plaintiffs are properly joined as parties. That question should have been raised by demurrer, and has been waived. (Code Civ. Pro. §§ 499, 677; *N. T. Bank* v. *Wetmore*, 124 N. Y. 253; *Lane*

33

v. *Wheelwright*, 53 N. Y. S. R. 368 ; *Rinchey* v. *Stryker*, 28 N. Y. 45 ; *M. & T. Bank* v. *Dakin*, 51 N. Y. 519 ; *Brinckerhoff* v. *Brown*, 6 Johns. Ch. 139 ; *Winne* v. *N. F. Ins. Co.*, 91 N. Y. 185, 192 ; *Gillespie* v. *Forrest*, 18 Hun, 110.)

*Ansley Wilcox* for respondents. If this motion were granted, and the case were re-opened for a new trial, the plaintiffs would have to face the fact that this suit in aid of the attachment in the original action against Davis on the notes, was brought prematurely and improperly, and cannot be maintained, because the defendant in the original action was not in default when this suit was begun. (Code Civ. Pro. §§ 655, 677, 1217, 1871 ; *Backus* v. *Kimball*, 27 Abb. [N. C.] 361 ; *Burtis* v. *Dickinson*, 81 Hun, 343 ; *Frost* v. *Mott*, 34 N. Y. 253 ; *Hall* v. *Stryker*, 27 N. Y. 596 ; *Rinchey* v. *Stryker*, 28 N. Y. 45 ; *People ex rel.* v. *Van Buren*, 136 N. Y. 252 ; *Thurber* v. *Blanck*, 50 N. Y. 80 ; *M. & T. Bank* v. *Dakin*, 51 N. Y. 519 ; *N. T. Bank* v. *Wetmore*, 124 N. Y. 241.) It was too late to make such a motion for a new trial after the case had been argued on the merits at General Term and affirmed. (2 Rumsey's Practice, 407–414.)

Gray, J. This action was brought in aid of an attachment which had issued in another action against the defendant Davis. In that other action this plaintiff, Whitney, as assignee of the Lincoln National Bank of Boston, Massachusetts, had sued Davis upon certain promissory notes, upon which he was endorser. Both plaintiff and defendant were residents of the state of Massachusetts and the summons and complaint therein were served there. The plaintiff in that action procured the issuance of an attachment against the defendant as a non-resident. Before the defendant's time to answer in that action had expired the plaintiff and the sheriff, in whose hands the writ of attachment had been placed, commenced this action against said Davis and two other persons; seeking to set aside, on the ground of fraud, the transfers of

certain lands in Erie county, through which their title had passed out of Davis into other persons, also non-residents of the state. A trial of the present action resulted in the dismissal of the complaint upon the merits. After its determination, the trial of the action upon the promissory notes was had and it, also, resulted in a judgment dismissing the complaint upon the merits. Subsequently to the result of that trial, a motion was made in the present action for a new trial thereof, upon the ground of newly-discovered evidence. That motion was denied for the reason, as stated in the order, "that this action was prematurely brought" and "without a consideration of the motion upon the merits." The General Term affirmed that order and the plaintiffs have appealed to this court.

The form of the order is, doubtless, such as to permit us to review it; inasmuch as, if correct, it was final in its operation upon the plaintiffs' right to proceed in the action and determined the same.

The question which this appeal presents must turn upon the construction, which is to be given to subdivision 2 of section 655 of the Code of Civil Procedure; which was added as an amendment to the section by the legislature, in 1889. Prior to its enactment, there was no way in which an action upon a money demand against a non-resident debtor, who had not appeared, could be brought to judgment; if the attachment issued therein had not been levied upon property of the debtor. That was an essential prerequisite to the entry of judgment upon default. (Code, sections 1216, 1217.) In the present case, as the property of the defendant Davis within the state had consisted of real estate and had been conveyed away by him, no levy of the attachment against his property was possible and, hence, no judgment could have been entered therein, had Davis elected to suffer a default.

There was no authority for the plaintiff to bring an action in equity to set aside the transfer by Davis of his real property under any provision of the Code and the circumstances of the case were not of such a character as to justify the interference of equity. The case of *People ex rel. Cauffman*

v. *Van Buren* (136 N. Y. 252), which is cited to us on both sides, presented a question as to the power of the Supreme Court, in the exercise of its equity jurisdiction, to interfere, at the instance of an attaching creditor, in an action brought in aid of his attachment. Earlier cases in this and in other courts were noticed and it was held that a plaintiff who had attached personal property, fraudulently transferred, was entitled to have his attachment lien preserved, until he could merge his claim in a judgment and issue final process for its collection. The circumstances were peculiar. Chattels had been levied upon by the sheriff, under executions issued upon fraudulent judgments, and they were attached at the suit of Cauffman's firm. They were about to be sold to satisfy the executions. Cauffman & Co. had sued upon their claim and had obtained and issued the warrant of attachment, upon the ground of a fraudulent disposition by the debtors of their property. They then commenced an action upon the equity side of the court against the fraudulent judgment creditors and the sheriff and the defendants in the attachment suit, in which they demanded the relief that the liens of the fraudulent judgment creditors under their executions should be postponed to the lien of the plaintiffs under their attachment and, meanwhile, the sale was enjoined. The point presented for decision by this court was whether the attaching creditors had the right to prevent the application of the attached property to the payment of a prior lien. The decision recognized the general rule to be well settled that, until after the recovery of the judgment and the issuing of execution, no equitable action could be maintained by the attaching creditor to set aside fraudulent transfers, or to reach equitable assets. *Thurber* v. *Blanch* (50 N. Y. 80) and *M. & T. Bank* v. *Dakin* (51 id. 519) were cited as authorities; which were not in conflict with each other, because contemplating different conditions of the property sought to be reached. But it was held that a court of equity was not without jurisdiction to interpose in aid of an attaching creditor, even where no specific lien had been gained, and to grant the equitable relief demanded, if special

circumstances existed which required such an equitable inter-position. " Such circumstances," as it was said in the opinion, " are shown to exist here. The case would be different, if executions had not been issued upon the fraudulent judgments. The mere existence of a fraudulent transfer would not be sufficient to authorize a court of equity to entertain an action at the suit of an attaching creditor to set it aside. But when it is sought to make use of such a transfer, for the purpose of removing the attached property from the jurisdiction of the officer who has it in his custody, it is evident that nothing but the equitable arm of the court can prevent the consummation of the wrong." All that the *Cauffman* case decided was, that special circumstances might exist and if shown that they would authorize the granting of equitable relief at the instance of an attaching creditor, though prior to judgment and execution, in order to preserve the debtor's property in a condition where a recovery by the attaching creditor could be made effective. It was not intended to hold that an equitable action was within the power of the attaching creditor to maintain, ordinarily, prior to judgment and execution, nor to introduce any innovation upon the settled rule. It was considered, however, that where the debtor's property was about being transferred beyond the reach of the sheriff, in whose hands it was, a case was presented where the court might properly extend its equitable arm and stay the threatened transfer.

The principle of equitable intervention to annul or set aside transfers of a debtor's property, for being fraudulent as to his creditors, demands for its application an adjudication of the fact of the debt and that it shall appear that an execution upon the judgment is incapable of levy because of a fraudulent transfer by the judgment debtor. The exception is where, as in the *Thurber* case, (*supra*) equitable assets were sought to be reached ; in which case it must be made to appear by execution returned unsatisfied that there was no property of the debtor subject to a levy and sale at all. In a case like the present one, there was no way, prior to 1889, under the Code

of Civil Procedure, in which a party, maintaining an action
for a money demand against a non-resident, whom he was
unable to serve personally and as to whom he had caused an
attachment against property to issue, could secure a judgment,
if he had been unable to levy upon the debtor's property.
Such a case is covered by the legislation of 1889, which gave
a new remedy to an attaching creditor. Referring to the
amendments of the Code, I find that, by an amendment to
section 649, provision is made for a levy under a warrant of
attachment upon property discovered in an action as described
in subdivision 2 of section 655 of the Code. That section
provides, "Where the summons was served without the state,
or by publication, * * * ; and where the defendant has
not appeared in the action (otherwise than specially) but has
made default and before entering final judgment, the sheriff
may, in aid of said attachment, maintain an action against the
attachment debtor, and any other person or persons * * *
to compel the discovery of any thing in action, or other
property belonging to the attachment debtor." The balance
of the section gives to the sheriff the same right to maintain
any other action in aid of the attachment, which might
be maintained by a judgment creditor in a court of
equity, either before or after the return of an execution.
Section 677 authorizes a plaintiff to bring and maintain such
an action in the name of himself and the sheriff jointly.
The plaintiffs would have us construe this subdivision of sec-
tion 655, so as to make it provide for the maintenance of the
equitable action in either of two cases, viz.: in a case where
the summons was served without the state or by publication,
and in a case where the defendant has not appeared in the
action but has made default. Such a construction, it is argued,
is due to the language of the section, by reason of the repeti-
tion of the word "where" and the division of the sentence by
a semicolon; as well as because the provisions of the section
are unnecessary, if intended solely to apply to the cases of the
service of the summons by publication, or seem inapplicable
to a non-resident debtor. As to the latter point the appellants

seem hypercritical. The action in equity to compel a discovery of a debtor's property, mentioned in the section, clearly refers to an action against a non-resident debtor, who is in default and to enable a discovery of property upon which to levy. With respect to the argument upon the punctuation and language, I have little doubt but that, however inartistic the use of the semicolon might have been, the conjunctive "and" so connects the sentence as to make it necessary that both conditions referred to therein must be united, as a prerequisite to the right of the plaintiffs to maintain the action in aid of the attachment, and I reach this conclusion, not only by reason of the arrangement of the clause, but, also, because, when so read, a case is contemplated and provided for, as to which there existed no previous provision of the statute. I see no good reason for changing the rule as settled, with respect to the intervention of equity in aid of attaching creditors, to meet the case of an action against a non-resident debtor, served by publication, and, as the case stands, that intervention is authorized when the conditions of section 655 are met. The construction given to the subdivision of the section in question is one which, as I think, accords with justice. What reason is there, or what justification exists for allowing an attaching creditor, before he has established his claim against his alleged debtor, to attack an apparently valid transfer of real estate? This defendant's case illustrates very well the justice of this construction of the statute. The defendant, Davis, appeared in the other action and defeated the plaintiff in his action on the notes. Had Davis failed to appear, when an appearance in the action was due, then the statute would have come to the plaintiffs' aid and they could have brought this action to discover property of the debtor. But Davis did appear and, had judgment gone against him, a personal judgment would have been recovered; to the enforcement of which equity would lend its aid, if fraudulent acts of the debtor had removed his property beyond his creditors' reach by legal process.

The result reached, in my consideration of this case, is that the court below, in denying the motion for a new trial, upon the ground that the action itself was prematurely brought, was correct and its orders should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Orders affirmed.