HART v. A. L. CLARKE & CO., Limited, et al.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. INJUNCTION—PRELIMINARY—SUFFICIENCY OF COMPLAINT.

An injunction pendente lite cannot be granted, unless the complaint states facts sufficient to constitute a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 316.]

2. ATTACHMENT—ACTIONS IN AID OF.

Where the summons in an attachment action has been personally served within the state, an action cannot be maintained under Code Civ. Proc. § 655, subd. 2, providing that where an attachment summons has been served without the state, or by publication, and defendant has made default, the sheriff may, in aid of such attachment, maintain an action against the attachment defendant, or any other person to compel the discovery or to prevent the transfer of property, or any other action against the attachment defendant, or any other person which may be maintained by a judgment creditor in aid of an execution, and section 677, providing that plaintiff may by leave maintain, in the name of himself and the sheriff jointly, any action which, by the provisions of the title of which that section is a part, may be brought by the sheriff, and may also bring in his own name and the sheriff's jointly any action which by section 655, subd. 2, may be brought by the sheriff.

3. SAME.

An action will not lie in equity by an attachment creditor to bring under the lien of his attachment property alleged to have been transferred by his debtor to a third person, not in possession of the sheriff, and not subject to attachment by the sheriff as property capable of manual delivery.

4. SAME.

Code Civ. Proc. § 657, providing that, where attached property is claimed by a third person, he may present his claim to the sheriff, who may impanel a jury to try the validity of the claim, and section 658, providing that if the jury finds in favor of the claimant the sheriff shall deliver the property to him, unless plaintiff gives an undertaking, and that if such undertaking be given the sheriff shall detain the property as that of defendant, amply protect an attachment creditor, as by complying therewith he may keep the property in the hands of the sheriff and preserve whatever rights he has, and preclude an action in equity by the attachment creditor in aid of his attachment.

Scott and Houghton, JJ., dissenting.

Appeal from Special Term.

Action by Henry Hart against A. L. Clarke & Co., Limited, Thomas F. Foley, as sheriff, and Isidor Fluegelman. From an order granting an injunction pendente lite, Fluegelman appeals. Reversed, and injunction vacated.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Henry W. Pollock, for appellant.
Don R. Almy, for respondent.

McLAUGHLIN, J. This action is brought to set aside a transfer of personal property. The complaint charges, in substance, that on or about the 6th of April, 1908, the plaintiff, as assignee of one Raphael, commenced an action against the defendant A. L. Clarke & Co., Limited, a foreign corporation, to recover the sum of $2,700

for services rendered by plaintiff's assignor, the summons being personally served upon an officer of defendant within the state; that on the same day a warrant of attachment was issued against the property of Clarke & Co.; that the defendant Foley, as sheriff did forthwith attach in pursuance thereof property belonging to said defendant, consisting of 100 cases of Scotch whisky, held by Charles & Co., a New York corporation, which had a claim or lien thereon for money advanced to pay duty, cartage, and storage, amounting to $604; that thereafter the defendant A. L. Clarke & Co. conspired with the defendant Fluegelman to fraudulently dispose of the attached property and to hinder and defraud the sheriff from enforcing the lien of the attachment, and did pretend to convey or to have conveyed the right, title, and interest of Clarke & Co. in such property to Fluegelman; that such pretended conveyance, if any there were, was without consideration and for such fraudulent purpose; that Clarke & Co. has no other property within the state subject to levy, and plaintiff has no adequate remedy at law. The judgment demanded is that such alleged conveyance be declared void, and the property declared, as to plaintiff, to belong to Clarke & Co. and subject to the lien of the attachment, and that during the pendency of the first action the defendants be enjoined from removing or disposing of said property. Upon proof by affidavits of the facts alleged in the complaint, the plaintiff obtained an order enjoining the defendants, during the pendency of this action and until the further order of the court, from removing, disposing of, or incumbering the attached property; the sheriff being directed to hold the same under the warrant of attachment. From this order the defendant Fluegelman appeals.

No answering affidavits were submitted, and the sole question presented is whether, upon the facts stated, the plaintiff has a right to the relief demanded. If he has not, then the order must be reversed. An injunction pendente lite cannot be granted unless the complaint states facts sufficient to constitute a cause of action (McHenry v. Jewett, 90 N. Y. 58; Werbelovsky v. Michael, 106 App. Div. 138, 94 N. Y. Supp. 156), and therefore the order appealed from must be reversed, unless facts are set out in the complaint which entitle the plaintiff to some relief.

It seems to be conceded, and, if not, it might well be, that the action cannot be maintained under section 655, subd. 2, or section 677, of the Code of Civil Procedure, because the complaint shows that the summons in the attachment action has been personally served within the state upon the defendant; but it is suggested that the facts stated are sufficient to justify a court of equity, independent of the statute, in exercising its equitable powers on behalf of the plaintiff. I am unable to reach this conclusion. A court of equity will not take jurisdiction of a case where the sole claim is that the property which is attached has been transferred by the defendant to a third party with intent to hinder, delay, and defraud the attaching creditor. To do so, there being no statutory provision authorizing it, would be in direct hostility to the rule that a creditor has no standing in court to reach equitable assets until his remedy at law has been exhausted, nor to

attack a fraudulent transfer of property of his debtor until after judgment. Bowe v. Arnold, 31 Hun, 256, affirmed on opinion below 101 N. Y. 652; Whitney v. Davis, 148 N. Y. 256, 42 N. E. 661; Butcher v. Pearson, 43 App. Div. 468, 60 N. Y. Supp. 196; affirmed 161 N. Y. 625, 55 N. E. 1093. Indeed, one of the grounds for an attachment is a fraudulent transfer of property, and, if an action of this character could be maintained, then a creditor at large could always maintain an action in equity by first procuring and levying an attachment upon such property. Thurber v. Blanck, 50 N. Y. 80.

That this action cannot be maintained upon the facts set out in the complaint is settled by Bowe v. Arnold, supra. There an attachment was issued and a levy made upon personal property, which was claimed, as here, by a third party under an assignment. An action was then commenced to set aside the assignment as fraudulent, and it was held that it could not be maintained. Mr. Justice Daniels, who delivered the opinion, said:

"As this action cannot be maintained under the sections of the Code which have been 'mentioned, there seems to be no legal ground upon which it can be allowed to stand. To authorize the creditors in maintaining an action of this description, it is necessary that they shall first recover judgment in their favor. * * *"

During the course of the opinion, referring to what the court decided in Bates v. Plonsky, 28 Hun, 112, cited here and relied upon by the respondent—and the learned Justice delivered the opinion in that case—he said that that action was in effect brought to prevent the distribution of the proceeds of the property until the conflicting rights of different claimants to them could be settled by the court and a lawful distribution made under its authority. He said:

"It was not intended to be held, and was not in that case, that creditors, seizing property claimed to be that of the debtors, could by force of their seizure alone maintain an action to set aside an alleged fraudulent distribution previously made of it by the debtors. But all that was held was that the plaintiffs were entitled to enjoin the distribution of the proceeds until the action could be tried, for the purpose of determining the conflicting rights of the different parties to such proceeds, and whether the action could be maintained was not a point before the court at that time for determination. All that was then presented and decided was that there was sufficient to enjoin the distribution of the proceeds until a final hearing and determination could be had."

But it is urged that People ex rel. Cauffman v. Van Buren, 136 N. Y. 252, 32 N. E. 775, 20 L. R. A. 446, is an authority to the effect that the action can be maintained. I do not so read the opinion in that case. There an attaching creditor brought an independent action to set aside certain judgments upon which executions had been issued and levies made on the property attached, on the ground that such judgments were fraudulent, having been rendered with intent to hinder and delay the attaching creditor. It was held by a bare majority of the court that under the peculiar facts set forth the action could be maintained. The sheriff, as indicated, had by virtue of executions issued upon the alleged fraudulent judgments levied upon and was about to sell the property, and the basic principle underlying the decision, as justifying the maintenance of the ac-

tion, is substantially the same as the one referred to by Mr. Justice Daniels as justifying the maintenance of the action in Bates v. Plonsky, supra, which was:

"To prevent the distribution of the proceeds of the property until the conflicting rights of different claimants to them could be settled by the court and a lawful distribution be made under its authority."

This is apparent from the opinion there delivered, during the course of which the court said:

"The case would be different if executions had not been issued upon the fraudulent judgments. The mere existence of a fraudulent transfer would not be sufficient to authorize a court of equity to entertain an action at the suit of an attaching creditor to set it aside."

But it is also apparent from the opinion delivered in Whitney v. Davis, supra, where the court took occasion to construe its own decision in the Cauffman Case. In the Whitney Case an attaching creditor brought an action in equity in aid of his attachment to procure a judgment that certain transfers of property made to third parties by the defendant in the attachment action were made with intent to hinder and delay the attaching creditor, and to have such transfers, by reason of that fact, set aside and the property made subject to the lien of the attachment. It was held by a unanimous court that the action could not be maintained. Judge Gray, who delivered the opinion, referring to the Cauffman Case, said:

The point presented for decision by this court was whether the attaching creditors had the right to prevent the application of the attached property to the payment of a prior lien. The decision recognized the general rule to be well settled that, until after the recovery of the judgment and the issuing of execution, no equitable action could be maintained by the attaching creditor to set aside fraudulent transfers or to reach equitable assets. * * *"

The two cases, therefore, must be read together, and, when thus read, are not in conflict. The Cauffman Case has been followed only in those cases where the property which the plaintiff sought to bring under the lien of his attachment was capable of manual delivery to the sheriff by reason of the warrant of attachment under subdivision 2 of section 649 of the Code of Civil Procedure, and actually in his possession under executions alleged to have been issued on judgments fraudulent as against him. This was the situation in Moritz v. Kaliske, 31 Abb. N. C. 49, 28 N. Y. Supp. 380, Lopez v. Merchants' & Farmers' Nat. Bank, 18 App. Div. 427, 46 N. Y. Supp. 91, Bates v. Plonsky, supra, Tannenbaum v. Rosswog, 22 Abb. N. C. 346, 6 N. Y. Supp. 578, and Keller v. Payne, 22 Abb. N. C. 352, 1 N. Y. Supp. 148.

Independent of the provisions of the Code of Civil Procedure before referred to, I have been unable, after a careful search, to find a single authority which permits an attachment creditor to bring an action in equity for the purpose of bringing under the lien of his attachment property alleged by him to have been transferred by his debtor to a third party, not in the possession of the sheriff, and not subject to attachment by the sheriff, as property capable of manual delivery. If the foregoing views, therefore, be correct, then this action cannot be maintained.

There is also another view which it seems to me prevents the main-tenance of this action. According to the allegations of the com-plaint the property attached is in the possession of Charles & Co., which has a valid lien thereon to the extent of $604 for advances made. If it be assumed, therefore, that this property was, at the time the warrant of attachment was issued, the property of Clarke & Co., the sheriff could not have taken it into his possession, as it was not capable of manual delivery under subdivision 2 of section 649 of the Code of Civil Procedure. Robinson v. Columbia Spinning Co., 31 App. Div. 238, 52 N. Y. Supp. 751; Butcher v. Pearson, supra. But it is suggested—not by counsel—that it may be inferred from the complaint that the property has actually been delivered to and is now in the possession of the sheriff, or, if not, that he may obtain possession by paying Charles & Co.'s lien. Even if it be assumed that he has or may obtain possession, then the action cannot be maintain-ed. The Code of Civil Procedure provides that, where attached property is claimed by a third person, he may present his claim to the sheriff, who may impanel a jury to try the validity of the claim. If the jury finds in favor of the claimant, then the sheriff shall forth-with deliver the property to him, unless the plaintiff gives an under-taking for not less than twice the value of the goods and $250 in addition; and if such undertaking be given the sheriff must detain the goods as the property of the defendant. Code Civ. Proc. §§ 657, 658.

In this case, if the property is capable of manual delivery, and the sheriff has or can take actual possession of it, then the plaintiff, by giving the requisite undertaking, can compel the sheriff to retain the same as the property of Clarke & Co., and the rights of the parties can be determined in the ordinary way. Not a single fact is disclosed to show why, if this is the situation, the plaintiff is not amply pro-tected, and, if so, there is no reason whatever for the injunction. By simply complying with the provisions of the Code of Civil Pro-cedure the plaintiff can keep the property in the hands of the sheriff, and thus preserve whatever rights he has.

I am of the opinion, for the reasons stated, that the order appealed from should be reversed, with $10 costs and disbursements, and the injunction vacated, with $10 costs.

INGRAHAM and LAUGHLIN, JJ., concur.

SCOTT, J. (dissenting). The plaintiff makes out a strong prima facie case in favor of his contention that the pretended sale of the attached property to the appellant, Fluegelman, was void, and merely a device to prevent the collection by plaintiff of any judg-ment which he may obtain against A. L. Clarke & Co. The case thus made is in no wise controverted, and even Fluegelman does not swear to his ownership of the property. We may therefore assume, for the purposes of this appeal, that plaintiff has a just claim against Clarke & Co.; that he has a valid attachment against property formerly be-longing to Clarke & Co., but now claimed by Fluegelman under a

pretended sale, which is prima facie void and fraudulent as to plaintiff. In the present action the plaintiff asks that Fluegelman be restrained from removing, selling, pledging, or in any wise disposing of the property which has been attached, and that the sheriff be restrained from parting with the property or surrendering the same to Fluegelman until final judgment in the action against A. L. Clarke & Co. in which the attachment was issued. In other words, the plaintiff invokes the equitable powers of the court to hold the attached property in its present situs until he can put himself in a position to attack the pretended sale to Fluegelman, and the order appealed from goes no further than to hold the property pendente lite, without undertaking to pass upon the disputed question of title.

The question, therefore, is whether an equitable action analogous to a creditors' suit will be allowed in aid of the lien created by an attachment before the recovery of judgment. The rule in this state is, as I read the authorities, that to the extent of the relief afforded by the order appealed from such an action will lie. A very similar order was upheld in Bates v. Plonsky, 28 Hun, 112, in an opinion written by Daniels, J., who subsequently, in Bowe v. Arnold, 31 Hun, 256, justified and explained Bates v. Plonsky by pointing out that the effect of the order then affirmed was simply to restrain the distribution of the attached property until the validity and priority of conflicting claims thereon could be properly determined. In People ex rel. Cauffman v. Van Buren, 136 N. Y. 252, 32 N. E. 775, 20 L. R. A. 446, it was distinctly held that a plaintiff, who had attached personal property fraudulently transferred, was entitled to have his attachment lien preserved until he could reduce his claim to judgment and issue final process for its collection, and thus put himself in a position to attack the fraudulent transfer; for, as the court remarked:

"It must be apparent that, unless such a right exists, the remedy by attachment will be lost in many cases."

There are other authorities to the same effect. Bowe v. Arnold, supra, and Whitney v. Davis, 148 N. Y. 256, 42 N. E. 661, do not hold to the contrary. They go no further than to hold that an attaching creditor, before the recovery of judgment, may not maintain an action to set aside a fraudulent conveyance. It may well be that under these authorities the plaintiff may not in this action obtain a decree setting aside the fraudulent sale to Clarke & Co., and therefore may not obtain all the relief for which he asks. But a suitor in a court of equity is not to be turned away because he asks more than he is entitled to, if he shows himself entitled to any relief at all. Under the adjudicated cases, and upon the uncontradicted facts, the plaintiff is entitled to maintain this action to prevent the removal of the attached property until he can prosecute his claim against A. L. Clarke & Co. to judgment, and thus place himself in a position to effectively and legally attack the pretended sale to Fluegelman; and the order appealed from goes no further than this.

That the property happens for the moment to be held by Charles & Co. under a claim and lien for advances is an unimportant circumstance. No one apparently disputes their claim, and the property is

worth a good deal in excess thereof. Fluegelman could relieve it of the lien at any moment by paying the claim, and doubtless would do so without hesitation if he could thereby gain possession of the property. I am of the opinion that, to the extent indicated, the court has clearly jurisdiction to entertain this action, and to issue an injunction pendente lite, and that upon the facts shown such jurisdiction was properly exercised.

The order appealed from should therefore be affirmed, with $10 costs and disbursements.

HOUGHTON, J., concurs.