Henry Hart, Appellant, *v.* A. L. Clarke and Company, Limited, et al., Defendants, and Isidore Fluegelman, Respondent.

Equity — action to set aside fraudulent transfer of property —. when it cannot be maintained by attaching creditor until after recovery of judgment and return of execution issued thereon.

The general rule is, that until after the recovery of a judgment and the issuing of an execution thereon, no equitable action can be maintained by an attaching creditor to set aside a fraudulent transfer.

The complaint alleges that plaintiff caused certain property of one of the defendants to be taken by the sheriff under an attachment. After the service of the attachment the defendant A. L. Clarke & Co., against whom it had been obtained, pretended to convey or did convey its interest in the attached property to the defendant Fluegelman, without consideration, for the purpose of hindering, delaying and defrauding plaintiff and preventing the sheriff from enforcing his lien under the warrant of attachment. The relief asked was that defendants be enjoined from incumbering, or in any wise interfering with the attached property, and to restrain the sheriff from parting with the property or of surrendering it to the defendant Fluegelman. *Held, first.* While there are some exceptions to the general rule that.an action will not lie by an attachment creditor until the recovery of a judgment and the return of an execution thereon unsatisfied, in this case the complaint does not contain allegations of special circumstances bringing the plaintiff within any of such exceptions. *Second.* The complaint does not show that the plaintiff is in any danger from the alleged fraudulent transfer of the attached property, since possession by the sheriff of the attached property is a defense against a claim by a fraudulent vendee.

*Hart* v. *Clarke & Co.*, 127 App. Div. 679, affirmed.

(Submitted February 8, 1909; decided March 2, 1909.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1908, which reversed an order of Special Term granting a motion for an injunction *pendente lite* and denied said motion.

The question of law certified to this court by the Appellate Division is: " Upon the facts stated in the complaint, is the plaintiff entitled to an injunction." It appears from the complaint that the defendant A. L. Clarke & Company, Limited, is a foreign corporation, and that on April 6, 1908, the plaintiff in this action brought an action against said " A. L. Clarke & Company, Limited," on contract, which action is now pending undetermined. The summons in said action was personally served in this state on said April 6, 1908. On that day the plaintiff duly obtained a warrant of attachment in said action against the defendant, and the sheriff to whom the attachment was delivered " did forthwith attach property belonging to the defendant * * * consisting of certain one-hundred cases of Scotch Whiskey," and by virtue of such

attachment said sheriff "became and since has been in control of the said attached property." The complaint further alleges that after the said attachment had been served the defendant A. L. Clarke & Company, Limited, and the defendant Fluegelman conspired "to fraudulently dispose of the attached property, and to hinder, delay and defraud the plaintiff and the said sheriff from enforcing the claim or lien under and pursuant to the said warrant of attachment, and did pretend to convey, or to have conveyed, the right, title and interest of the said A. L. Clarke & Company, Limited, to the property attached to the defendant Isidore Fluegelman; but that the pretended conveyance, if any there were, to the said defendant Isidore Fluegelman, was with knowledge on the part of the said Fluegelman, as well as of the said A. L. Clarke & Company, Limited, of the existence of plaintiff's claim, and was without consideration, and was with intent to defraud, and for the purpose of hindering, delaying and defrauding this plaintiff and the other creditors of the defendant A. L. Clarke & Company, Limited, in the collection of their just debts, and the sheriff of the County of New York from enforcing his claim or lien against the property attached, as aforesaid, under the warrant of attachment aforesaid, and was with the fraudulent purpose and intent to interfere with the possession and control of the property attached by the said sheriff under said warrant of attachment; and in order that the said sheriff under the said warrant of attachment might not be able to obtain any property; and in order that there might be no property in this country of the said A. L. Clarke & Company, Limited, which could be seized and held under the said warrant of attachment, or levied upon and sold under any execution issued upon any judgment which the plaintiff might obtain in said action."

This action is brought to set aside and make null and void the alleged transfer of said attached property and to enjoin said defendants from removing, selling, pledging or in any wise disposing of, or incumbering said attached property, and to restrain the sheriff from parting with said property or

surrendering the same to the defendant Fluegelman. An injunction was granted *pendente lite.*

*Don R. Almy* for appellant. The plaintiff is entitled to an injunction in aid of his attachment on broad principles of equity regardless of statute. (*Bates* v. *Plonsky*, 28 Hun, 112; *Thurber* v. *Blanck*, 50 N. Y. 80; *Frost* v. *Mott*, 34 N. Y. 253; *Tannenbaum* v. *Rosswog*, 22 Abb. [N. C.] 346; *Keller* v. *Payne*, 22 Abb. [N. C.] 352; *People ex rel. Cauffman* v. *Van Buren*, 136 N. Y. 252; *Moritz* v. *Kaliske*, 31 Abb. [N. C.] 49; *Lopen* v. *M. & F. Nat. Bank*, 18 App. Div. 427.)

*Henry W. Pollock* for respondent. An injunction *pendente lite* must be denied unless the complaint states facts sufficient to constitute a cause of action. (*McHenry* v. *Jewett*, 90 N. Y. 58; *Werbelovsky* v. *Michael*, 106 App. Div. 169.) The complaint does not state a cause of action. (*Thurber* v. *Blanck*, 50 N. Y. 80; *Bowe* v. *Arnold*, 31 Hun, 256; *Whitney* v. *Davis*, 148 N. Y. 256; *Butcher* v. *Pierson*, 43 App. Div. 468.)

CHASE, J. The general rule is well settled that until after the recovery of a judgment and the issuing of an execution thereon no equitable action can be maintained by an attaching creditor to set aside a fraudulent transfer. (*Whitney* v. *Davis*, 148 N. Y. 256.)

Where the summons in an action is served without the state or by publication pursuant to an order obtained for that purpose, and the defendant has not appeared in the action, it is provided by statute that the sheriff may in aid of an attachment maintain an action for the discovery of property belonging to the attachment debtor or he may maintain any other action that may be maintained by a judgment creditor. (Code of Civil Procedure, section 655.)

The plaintiff in an action may, by leave of the court or a judge thereof procured as described by statute, bring in the name of himself and the sheriff jointly any action that can be brought by the sheriff to recover property attached or the

value thereof or for the purposes stated in said section 655. (Code of Civil Procedure, section 677.)

This action is not brought pursuant to such statutory authority. The plaintiff seeks to maintain this action upon the facts stated in the complaint as one within the general equitable powers of the court. There are some exceptions to the general rule that an action will not lie by an attachment creditor until the recovery of a judgment and the return of an execution thereon unsatisfied. The authorities relied upon by the plaintiff are instances of such exceptions to the general rule.

The Special Term granted the injunction upon the authority of *People ex rel. Cauffman* v. *Van Buren* (136 N. Y. 252, 260). This was an equitable action analogous to a creditor's suit in which it was sought to postpone the lien of certain executions to the lien of the plaintiff's attachment. It was alleged that the judgment debtor had fraudulently confessed judgments to three of the defendants in the action to the amount of $17,000, and that immediately upon the confession of said judgments executions were issued to the sheriff of the county where the debtors resided and a levy was made upon their tangible property, and that the sheriff had advertised their property for sale. Such levy preceded the attachment and was an apparent lien on all the attached property. It appeared by the complaint that unless the action was maintained the attached property would be sold by the sheriff and the proceeds first applied upon the fraudulent judgments. The court in that case held that it was not without jurisdiction to intervene in aid of the attachment creditor, and said : " The jurisdiction of a court of equity to reach the property of a debtor justly applicable to the payment of his debts, even where there is no specific lien, is undoubted. It is a very ancient jurisdiction, but will be exercised only when special circumstances exist requiring the interposition of the court to obtain possession of and apply the property. Such circumstances, we think, are shown to exist here. The case would be different if executions had not been issued upon the

fraudulent judgments.   The mere existence of a fraudulent transfer would not be sufficient to authorize a court of equity to entertain an action at the suit of an attaching creditor to set it aside.   But when it is sought to make use of such a transfer for the purpose of removing the attached property from the jurisdiction of the officer who has it in his custody, it is evident that nothing but the equitable arm of the court can prevent the consummation of the wrong."

This court in *Whitney* v. *Davis* (*supra*), referring to the *Cauffman* case, say : " All that the *Cauffman* case decided was, that special circumstances might exist and if shown that they would authorize the granting of equitable relief at the instance of an attaching creditor, though prior to judgment and execution, in order to preserve the debtor's property in a condition where a recovery by the attaching creditor could be made effective.   It was not intended to hold that an equitable action was within the power of the attaching creditor to maintain, ordinarily, prior to judgment and execution, nor to introduce any innovation upon the settled rule.   It was considered, however, that where the debtor's property was about being transferred beyond the reach of the sheriff, in whose hands it was, a case was presented where the court might properly extend its equitable arm and stay the threatened transfer."   (P. 261.)

In each of the cases cited by the appellant, among which are *Bates* v. *Plonsky* (28 Hun, 112) ; *Tannenbaum* v. *Rosswog* (22 Abb. N. C. 346) ; *Keller* v. *Payne* (22 Abb. N. C. 352, n.) ; *Moritz* v. *Kaliske* (31 Abb. N. C. 49) ; *Lopez* v. *Merchants & F. Nat. Bk.* (18 App. Div. 427) there were special circumstances and facts other than an alleged fraudulent transfer of the property that required equitable interposition to preserve the attached property to await the result of the action in which the attachment was issued.

In this case the complaint does not contain allegations of special circumstances bringing the plaintiff within any of the exceptions to said general rule that are recognized by the courts.

It does not show that the plaintiff is in any danger from the alleged fraudulent transfer of the attached property.

It is settled in this state that an attachment is a good defense in an action brought by a fraudulent vendee against a sheriff for seizing the property so attached. (*Rinchey* v. *Stryker*, 28 N. Y. 45 ; 31 N. Y. 140 ; *Hess* v. *Hess*, 117 N. Y. 306 ; *Skilton* v. *Codington*, 185 N. Y. 80 ; *Mechanics' & T. Bank of Jersey City* v. *Dakin*, 51 N. Y. 519.)

It is not alleged that there is any outstanding process regular and lawful on its face by which there is a prior apparent although fraudulent lien on the attached property under which it may be taken from the possession of the sheriff and removed from the jurisdiction of the court, or disposed of by the sheriff, and the proceeds distributed in consummation of the fraudulent scheme.

By the express allegations of the complaint, the alleged fraudulent transfer was actually made subsequent to the attachment, and it is consequently subject to it. Even if it appeared that such alleged fraudulent transfer preceded the attachment, the possession by the sheriff of the attached property is, as we have shown, a defense against any claim by such fraudulent vendee. (*Bowe* v. *Arnold*, 31 Hun, 256 ; affirmed on opinion of Daniels, J., 101 N. Y. 652.)

The order should be affirmed, with costs, and the question certified to us answered in the negative.

Cullen, Ch. J., Haight, Vann, Werner, Willard Bartlett and Hiscock, JJ., concur.

Order affirmed.