Beatrice Nelson, Individually and as Executrix, etc., of Charles W. Nelson, Deceased, Appellant, *v.* Nahtel Corporation and Another, Respondents.

First Department, June 23, 1936.

*Walter E. Ernst* of counsel [*Terence J. McManus* and *Alfred L. Weinberg* with him on the brief; *McManus, Ernst & Ernst*, attorneys], for the appellant.

*Herman B. Goodstein* of counsel [*Mark Eisner* and *George Jacobs* with him on the brief], for the respondents.

MARTIN, P. J. This action was brought to enjoin the corporate defendant from paying to its president and controlling stockholder, William P. Ahnelt, certain liquidating dividends. The facts are not in dispute. The plaintiff on December 11, 1930, entered into an agreement with the defendant Ahnelt whereby she agreed to sell to him her minority interest in the Pictorial Review (subsequently called the Nahtel Corporation), consisting of 41,315 shares of stock, for $516,437.50 on deferred payments, plaintiff in the meantime to receive as interest on the unpaid purchase price the sum of $22,500 per annum. In 1931 Mr. Ahnelt advised the plaintiff he could not perform the agreement but that he had contracted to sell the assets of the corporation for the sum of $1,500,000, the consideration to be paid contingently out of profits of the purchaser. As a further consideration of the sale, Mr. Ahnelt was to be employed by the purchaser for five years at an annual salary of $100,000. The plaintiff commenced an action upon the agreement of purchase and sale between her and Mr. Ahnelt. She was induced to discontinue said action and to cancel said agreement by the making of the agreement here in suit, whereby the defendant, among other things, agreed to pay plaintiff $100,000 over a period of ten years.

The agreement provided that " The said sums so to be paid to Mrs. Nelson shall be secured to Mrs. Nelson by appropriate assignment so that they will be paid out of any salary paid to Mr. Ahnelt, or any dividends (either liquidation or otherwise) which may be payable on the 155,960 shares of stock of said The Pictorial Review Co. (now Nahtel Corporation), now registered in Mr. Ahnelt's name and/or out of any emoluments, compensation of payments due or to grow due to or which may be paid to Mr. Ahnelt from the purchaser of the said property, assets and franchises of said The Pictorial Review Co. (now Nahtel Corporation) or its successor or assignee, and/or from any person, firm or corporation who or which publishes the magazine known as the ' Pictorial Review,' or which operates the plant or business now commonly known as ' Pictorial Review.'

" In the event that the purchaser (or its or their successors or assigns) of the property, assets and franchise of the said Pictorial Review Co. (now Nahtel Corporation) pays the full consideration therefor, to-wit: One Million Five Hundred Thousand ($1,500,000)

Dollars, prior to the time fixed therefor in the agreement of December 17th, 1931, and in the event that the said full purchase price so paid is distributed as liquidating dividends to the stockholder of said Nahtel Corporation, as herein set forth, then and on the happening of those events, further payments to Mrs. Nelson under this paragraph shall cease, but not otherwise."

Mr. Ahnelt made payments under the agreement up to and including August, 1934. In that month he and others instituted an action against the purchaser of the assets of the Nahtel Corporation. In consideration of the discontinuance of said suit certain creditors of the corporation undertook to pay it twenty per cent of all moneys received by them from the purchaser of its assets, $35,000 to be paid immediately. The agreement was consummated. Upon the receipt of the initial payment of $35,000, all but $12,000 thereof was disbursed by the Nahtel Corporation for legal fees. The corporation declared a liquidating dividend of the remaining $12,000. The moneys receivable by the corporation pursuant to the last-mentioned contract were its sole asset. The defendant was entirely without means. Both he and the corporation denied any liability to the plaintiff under the contract and the plaintiff, therefore, feared that if the dividends received by the corporation were disbursed the plaintiff would lose the liquidating dividends payable on the stock of Mr. Ahnelt which had been assigned to her as aforesaid.

It is true that the plaintiff alleged in her complaint that the defendants threatened to disregard the agreement and to distribute the dividends and that there was no affirmative proof thereof at the trial. The defendants upon the trial, however, and upon a motion for a preliminary injunction theretofore made by the plaintiff, took the position that the contract did not provide for an absolute obligation to pay on the part of Mr. Ahnelt, but provided only that payment should be made out of such moneys received by him from the corporation. The fears of the plaintiff were thus confirmed and the need of direct proof of threats rendered unnecessary.

The court at the trial rendered judgment for the defendants, sustaining the defendants' construction of the contract that payment was to be made only out of moneys received by Mr. Ahnelt from the corporation, further holding that since the corporation subsequent to the commencement of the action had rescinded the resolution declaring a liquidating dividend of $12,000, above mentioned, the plaintiff had an adequate remedy at law.

The court's construction of the contract is directly contrary to the law of the case established by the affirmance by this court

of a preliminary injunction granted to the plaintiff. (242 App. Div. 766.) Upon that appeal the same contentions with respect to the contract were made by the defendants and overruled by this court. If the contract should be construed as claimed by the defendants, the complaint would not have stated a cause of action, and it is well settled that an injunction *pendente lite* cannot be granted unless the complaint states facts sufficient to constitute a cause of action. (*Hart* v. *Clarke & Co.*, 127 App. Div. 679, 681; affd., 194 N. Y. 403.)

Considered *de novo*, it is clear from the contract that Mr. Ahnelt made an absolute promise to pay and that the provision for payment out of moneys received from the corporation was merely a means of securing the payments, a failure to receive which payments would no more relieve the defendant from liability than would the failure to receive payment out of collateral deposited to secure a note. That such is the meaning of the contract is demonstrated, among other things, by the fact that the agreement provided " that the obligation to make such payments to Mrs. Nelson shall survive Mr. Ahnelt and shall be binding upon his heirs executors and administrators; " also by the provision of the agreement that only in the event the full purchase price was received for the assets of the corporation and plaintiff's distributive dividends therefrom received by her " then * * * but not otherwise " was Mr. Ahnelt to be relieved from the payments to the plaintiff of the sums agreed upon.

It is clear that the rescission of the resolution declaring a liquidating dividend was adopted to meet the exigencies of this action. Even if said resolution could lawfully be rescinded under the facts of this case, that does not eliminate plaintiff's right to equitable relief. Mr. Ahnelt, as noted, is in control of the corporation and could at any time declare another dividend.

The judgment should be reversed, with costs, and a decree granted in favor of the plaintiff as prayed for in the complaint, with costs.

McAvoy, O'Malley, Glennon and Cohn, JJ., concur.

Judgment unanimously reversed, with costs, and a decree granted in favor of the plaintiff as prayed for in the complaint, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.